UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEREMY RICARD                               CIVIL ACTION NO. 17-cv-1580

VERSUS                                      JUDGE DOUGHTY

LONNIE NAIL, ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jeremy Ricard ("Plaintiff") is a self-represented inmate housed at the David Wade Correctional Center. He alleges that he was subjected to excessive force in the form of chemical spray and having his head slammed into a wall locker. This order will address some of the motions filed by Plaintiff.

Plaintiff has filed a Motion to Compel (Doc. 56) in which he asks for an order compelling defense counsel to produce medical records, video tape, chemical agent log book, mental health records, and other evidence. The proper procedure to seek discovery of such matters is to serve a Rule 34 request for production of documents/things on defense counsel within the time that is allowed for discovery. The receiving party is then allowed 30 days to serve a response. It is only after that time has passed that it is proper for the requesting party to file a Rule 37 motion to compel and ask the court to intervene. A motion to compel should be supported by a copy of the requests for production and any responses that were received but are challenged as inadequate. Plaintiff's motion does not indicate that he served a proper request for production before seeking court relief. Accordingly, the **Motion to Compel (Doc. 56) is denied**.

Plaintiff has filed a Motion for Preliminary Injunction (Doc. 57) that complains he sent legal documents to classification officer Mark Hunter and asked that Hunter make a copy of the documents for use as an exhibit. Plaintiff alleges that Hunter has not returned the documents, and he seeks court intervention. An injunction is a remedy for a legal claim, but Plaintiff has not presented a claim in this case for which the requested injunction would be an appropriate remedy. If Plaintiff believes that Hunter has interfered with his constitutional right of access to the courts, then he may file a grievance, exhaust his administrative remedies, and then pursue a separate civil action against Hunter.[1] There is no basis for granting injunctive relief at this time, so the **Motion for Preliminary Injunction (Doc. 57)** is **denied** without prejudice.

Plaintiff has filed a Motion for Physical and Mental Examination (Doc. 58) pursuant to Federal Rule of Civil Procedure 35. Rule 35 permits the court, upon a showing of good cause, to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. A movant must make an affirmative showing of good cause, but an attempt by a prisoner to use Rule 35 to provide himself with an expert witness is not good cause. Grogan v. Kumar, 873 F.3d 273, 280-81 (5th Cir. 2017), citing 8B Wright & Miller, Federal Practice and Procedure, § 2231 (3d ed., updated April 2017) ("Under Rule 35, the court has no authority

---

[1] To prevail on a denial of access to the courts claim, the prisoner must show that he was prejudiced by the alleged violation. Lewis v. Casey, 116 S.Ct. 2174 (1996). To demonstrate prejudice, the prisoner must show that his ability to pursue a non-frivolous legal claim was hindered by the actions of the defendant. Christopher v. Harbury, 122 S.Ct. 2179 (2002); Brumfield v. Natchitoches Parish Detention Center, 689 Fed. Appx. 309 (5th Cir. 2017).

to appoint a medical expert to examine plaintiff on plaintiff's motion. . . . No civil litigant, even an indigent one, has a right under the rule to an award of costs for a medical examination, or to appointment of an expert commanded to perform such an examination without being paid.") Plaintiff has not demonstrated good cause. Accordingly, the **Motion for Physical and Mental Examination (Doc. 58) is denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of November, 2018.

Mark L. Hornsby
U.S. Magistrate Judge