UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEREMY RICARD #511078                   CIVIL ACTION NO. 17-cv-1580

VERSUS                                  JUDGE DOUGHTY

LONNIE NAIL, ET AL                      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Jeremy Ricard ("Plaintiff") is a self-represented convicted inmate who is housed at the David Wade Correctional Center ("DWCC"). He filed this civil rights action against five DWCC correctional officers based on allegations that (1) some of them used chemical spray on Plaintiff without cause and (2) others used excessive physical force. Before the court is a Motion for Summary Judgment (Doc. 65) filed by Defendants. For the reasons that follow, it is recommended that the motion be denied.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Excessive Force**

A convicted inmate's claim of excessive force is governed by the Eighth Amendment. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).

The focus of the standard is on the corrections official's subjective intent to punish, and his intent is determined by reference to certain well established Hudson factors: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response. Cowart v. Erwin, 837 F.3d 444, 453 (5th Cir. 2016). "A plaintiff need not show significant injury, although the extent of the injury may supply insight as to the amount of force applied." Id., citing Wilkins v. Gaddy, 130 S.Ct. 1175 (2010).

The <u>Hudson</u> standard applies with equal force to claims that prison officials used a chemical agent on an inmate.  <u>Baldwin v. Stalder</u>, 137 F.3d 836, 840-41 (5th Cir. 1998); <u>Davis v. Cannon</u>, 91 Fed. Appx.  327 (5th Cir. 2004).  Each case is judged on its own facts, after considering the non-exclusive factors listed above.  <u>Baldwin</u>, 137 F.3d at 839.

**Vincent Coleman**

Plaintiff alleges that he was on suicide watch when Officer Vincent Coleman used chemical spray on him without cause or warning and in violation of prison policy.  Officer Coleman moves for summary judgment and offers affidavit testimony from himself (Doc. 67-3) and two witnesses.  Coleman testifies that Plaintiff was on standard suicide watch on the afternoon of August 12, 2016 when Officer Keith Coleman informed Vincent Coleman that Plaintiff was using an object to scratch his wrist.  Vincent Coleman testifies that he immediately went to Plaintiff's cell and saw Plaintiff scratching his left wrist.

Vincent Coleman testifies that he gave Plaintiff several direct verbal orders to cease his actions.  Plaintiff refused to comply, and he placed the object to his throat and threatened to cut himself.  Coleman then administered a short burst of chemical agent to Plaintiff's face and head in an attempt to prevent him from causing further injury to himself. Plaintiff ceased his actions after the chemical agent was applied, and he then walked over to his toilet and flushed the object.  Officers were able to get Plaintiff to submit to restraints, and medical personnel treated Plaintiff for his injuries.  Plaintiff was offered an eye wash and shower, but he refused.  Mental health personnel also reported and counseled Plaintiff. The cell was searched, but no contraband was found.  All contaminated areas of the cell were cleaned and sanitized.

Officers Keith Coleman (Doc. 67-4) and Kevin Kidd (Doc. 67-5) offer affidavits that corroborate the testimony of Vincent Coleman. Keith Coleman testifies that he saw Plaintiff scratching his wrist with an object, which he then reported to Vincent Coleman. Kevin Kidd testifies that he saw Vincent Coleman addressing Plaintiff, who was using an object to scratch his left wrist. Both men support Vincent Coleman's description of the events, including the several direct verbal orders and refusal to comply before chemical agent was used.

Plaintiff offers facts in a competing declaration made pursuant to 28 U.S.C. §1746 that he declares "under penalty of perjury" are "true and correct." Facts set forth in a declaration made pursuant to Section 1746 have been recognized as competent summary judgment evidence. Ion v. Chevron USA, Inc., 731 F.3d 379, 382 n.2 (5th Cir. 2013); Hart v. Hairston, 343 F.3d 762 n. 1 (5th Cir. 2003).

Plaintiff's declaration sets forth facts regarding Vincent Coleman's use of chemical spray that differ significantly from those set forth by Defendants. Plaintiff states that he was placed on extreme suicide camera cell watch on August 11, 2016, and Coleman approached his cell the next day "and immediately used his OCS spray" in violation of prison policy. Plaintiff states that Coleman "never warn offender Jeremy Ricard that chemical agent would be used, nor did Coleman give offender a direct verbal order to cease action." Plaintiff also declares: "At no time did offender attempt to scratch his wrist or placed any object to his throat, no object were ever found, nor will the camera footage from the observation cell #1 show no object." Plaintiff adds that he was not treated for any injury to his wrist, and Coleman did not allow Plaintiff a shower as required by policy.

The facts offered in the competing summary judgment evidence are in direct conflict.  Coleman's evidence depicts a potentially lawful and valid use of chemical spray to prevent a suicide attempt.  Plaintiff's declaration depicts a cruel and wholly unnecessary use of chemical spray that would permit a jury to return a verdict for Plaintiff.  When considering a motion for summary judgment, the court will consider all of the evidence in the record but must "refrain from making credibility determinations or weighing the evidence."  Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).  All reasonable inferences must be drawn in favor of the party opposing the motion.  Martin v. Spring Break '83 Productions, L.L.C., 688 F.3d 247 (5th Cir. 2012).  "[I]n a summary judgment setting, with conflicting affidavits on material-fact questions, a final resolution is inappropriate."  Brumfield v. Jones, 849 F.2d 152, 155 (5th Cir. 1988).  When those standards are applied to the summary judgment record, Vincent Coleman is not entitled to summary judgment.

**Prison Policy and Section 1983**

Plaintiff and Defendants discuss whether certain actions were in violation of prison or DOC policies on the use of chemical spray and related matters.  Plaintiff is presenting a claim under 42 U.S.C. § 1983, which requires that he show a defendant violated federal laws or the Constitution.  The statute does not permit a remedy for the mere violation of prison policies or even state law.  Scheidel v. Secretary of Public Safety & Corrections, 561 Fed. Appx. 426 (5th Cir. 2014) ("violations of prison rules do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under § 1983."); Sylvester v. Cain, 311 Fed. Appx. 733, *2 (5th Cir.2009) ("violations of state law and

prison regulations, without more, do not state a viable constitutional claim under § 1983"); and Brown v. Williams, 124 Fed. Appx. 907, 909 (5th Cir. 2005) ("a mere violation of state law does not state a constitutional claim under 42 U.S.C. § 1983").  Accordingly, the court may resolve the motion before it without addressing whether various actions were or were not in compliance with prison policy.

**Lonnie Nail**

Plaintiff alleges that Colonel Lonnie Nail also subjected him to chemical spray without cause.  Nail's request for summary judgment is supported by his affidavit.  Doc. 67-6.  He testifies that at 1:22 p.m. on August 12, 2016 (several minutes after the incident discussed above), Nail was in the key room of the N-4 housing unit when he heard a loud disturbance on Tier D.  Nail entered the tier and saw Plaintiff, who was on suicide watch, "making a loud disturbance on the tier."

Nail testifies that he approached Plaintiff's cell and gave him "several direct verbal orders to cease his noise disturbance."  Plaintiff refused to comply "and became more boisterous, yelling, cursing and becoming aggressive."  Nail testifies that he told Plaintiff that "a chemical agent would be used if he did not comply with orders to cease his noise disturbance."  Plaintiff did not comply, and Nail administered "a short burst of chemical agent to offender Ricard's face and head area in an attempt to gain compliance."  After a few minutes for the chemical agent to become fully effective, Plaintiff complied with all orders.  Medical personnel were notified.  Nail states that the immediate need to restore order caused him to elect to use force without delaying to retrieve video recording equipment.

Nail testifies that Plaintiff again became loud and aggressive while awaiting the arrival of medical personnel. Nail gave Plaintiff direct orders to cease his noise disturbance, but Plaintiff did not comply. Nail administered another short burst of chemical agent to Plaintiff's face and head area in an attempt to gain compliance. Plaintiff did comply, and he was escorted to the lobby area for examination by medical personnel. He was offered a shower, and he accepted.

Plaintiff offers competing facts in his declaration. He contends that Colonel Nail entered the tier, approached Plaintiff's cell, and commanded Plaintiff to the bars to be restrained. Plaintiff states that he "followed all order and went to the bars to be restrained," but "[a]s soon as offender Ricard approached the bars, Col. Nail used his OCS spray" in violation of prison policy. Plaintiff states that Nail then left the cell, and Plaintiff rushed to his sink to clean the chemical agent from his face and eyes. He saw that the water to his cell was being turned off. Col. Nail then returned and ordered Plaintiff to the bars to be restrained. As soon as Plaintiff placed his hands through the tray hatch, Nail "immediately sprayed offender Ricard a second time directly in the face and eyes," again in violation of policy. Plaintiff states that he immediately rushed to the toilet and placed his face in it to wash away the chemical agent. He took off his paper gown and used it to clean his face and eyes. Colonel Nail then returned a third time, restrained Plaintiff, and escorted him to the lobby where he was seen by medical staff.

Once again, the facts offered by the parties are in direct conflict. All such conflicts must be resolved in Plaintiff's favor for summary judgment purposes. When his facts are accepted, they depict a cruel and unnecessary use of force that would allow a jury to return

a verdict in Plaintiff's favor. A jury may find that Plaintiff's version of the facts is not credible, but the court may not make such an assessment when considering a motion for summary judgment. Accordingly, Lonnie Nail is not entitled to summary judgment.

**John Huey and Kevin Kidd**

Plaintiff alleged in his complaint that officers John Huey and Kevin Kidd slammed his head into the wall and a locker in the N-4 lobby. Both men moved for summary judgment. In identical affidavits, John Huey (Doc. 67-7) and Kevin Kidd (Doc. 67-5) state: "At no time on August 12, 2016, did affiant slam offender Jeremy Ricard's head against a wall or locker." They add that they did not "use force of any kind" against Plaintiff on that day and did not observe any other officers using force in an excessive manner.

Plaintiff offers competing facts in his declaration. He states that Huey and Kidd ordered him to kneel down by a locker, and Plaintiff did so. "As soon as offender Ricard got on his knees, officers slammed offender Ricard head into the wall and locker." Plaintiff alleges that he sustained bruises to his face and a "serious problem with his sight" as a result of the force.

The facts offered in Plaintiff's declaration are sufficient to defeat summary judgment for Huey and Kidd. This claim of excessive force will, like the others discussed above, have to be tested before a jury. That body will have to make the determination as to which version of the competing facts is more credible.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 65) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2019.

Mark L. Hornsby
U.S. Magistrate Judge